UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kimberly McCormick

    v.                                                         Civil No. 22-cv-087-LM
                                                           Opinion No. 2023 DNH 116 P

Town of Wakefield, New
Hampshire, et al.

**O R D E R**

      Plaintiff Kimberly McCormick brought this suit against the Town of Wakefield and the Estate of Brenda T. Beckwith.  She brings several claims, including unjust enrichment, violation of the Fourth Amendment, and violation of due process.  The Town moves to dismiss McCormick's Fourth Amendment claim to the extent McCormick alleges a violation related to the seizure of chickens from her property.  The Town contends that McCormick's claim in this regard was brought more than three years after it arose, so New Hampshire's general personal injury statute, RSA 508:4, precludes it.  McCormick objects.  For the following reasons, the Town's partial motion to dismiss is granted.

### BACKGROUND

      McCormick filed her complaint in this court, pro se, on March 8, 2022.  As the magistrate judge observed, "McCormick's complaint is somewhat difficult to follow."  Doc. no. 6 at 2.

McCormick's claims seem to stem from a series of events related to the Town's foreclosure on property McCormick owned with her late mother, Brenda Beckwith, for failure to pay property taxes.  In her complaint and among other allegations, McCormick asserted that on January 31, 2019, after foreclosing on the property and evicting her, the Town seized her 12 chickens.  McCormick alleges that the Town, in doing so, violated her Fourth Amendment rights.

After preliminary review, the magistrate judge directed service of the complaint.  The Town then filed the partial motion to dismiss that is now before the court.  McCormick, now with counsel, filed an objection, and the Town filed a reply.

## DISCUSSION

In its partial motion to dismiss, the Town argues that McCormick's claim (that the Town violated the Fourth Amendment by seizing her chickens) is governed by New Hampshire's statute of limitations applicable to personal injury claims, RSA 508:4.  The Town observes that the alleged seizure occurred on January 31, 2019, but McCormick's complaint was not filed until March 8, 2022, which is more than three years after her claim arose.

McCormick agrees that the applicable statute of limitations is found under state law but contends that the more analogous statute of limitations for her claims is RSA 508:2,[1] which sets a 20-year limitations period for claims for recovery of

---

[1] RSA 508:2 states, in relevant part: "No action for the recovery of real estate shall be brought after 20 years from the time the right to recover first accrued to the party claiming it or to some persons under whom the party claims."

2

land. McCormick contends that her claims are more akin to a suit for recovery of land because the primary issue in this case is the seizure of McCormick's real property, leading ultimately to the chickens' seizure. McCormick asserts that the loss of her chickens is "merely a statement of the damages" she suffered and "this Court should view the plaintiff's claims in their entirety as a claim for recovery of wrongfully seized land." Doc. no. 20 at 3.

As construed by the magistrate judge, McCormick's pro se complaint asserted a claim, among others, for illegal seizure of several chickens in violation of the Fourth Amendment. McCormick's claim arose under § 1983, which takes the state's statute of limitations for personal injury actions. Fincher v. Town of Brookline, 26 F.4th 479, 485-86 (1st Cir. 2022). That is, the statute of limitations for a § 1983 claim "is to be found in the general personal injury statute of the jurisdiction in which the claim arises," id. at 485 (citing Gilbert v. City of Cambridge, 932 F.2d 51, 57 (1st Cir. 1991)), because § 1983 claims are most analogous to personal injury claims. See Wilson v. Garcia, 471 U.S. 261, 273-75 (1985); Kane v. Mount Pleasant Central Sch. Dist., --- F.4th ---, 2023 WL 5281533, at *4 (2d Cir. Aug. 17, 2023) ("The Court [in Wilson] concluded that Section 1983 claims are best described as personal injury claims, and thus, the corresponding state statute of limitations for those claims was the one to be applied to all Section 1983 claims."). In New Hampshire, the general personal injury statute limits such claims to three years.

RSA 508:4, I.[2] Since McCormick's claim for seizure of her chickens in violation of the Fourth Amendment was filed more than three years after it arose, it must be dismissed. See id.

McCormick's sole argument in objection is that her claim flows from the Town's seizure of her property, not the seizure of the chickens, so the 20-year statute of limitations under RSA 504:2 for recovery of real estate should apply instead. But the claim as currently pleaded is, as the magistrate judge found, a claim about Town's seizure of McCormick's chickens and it was brought under § 1983. See doc. no. 6 at 3 (construing McCormick's pro se complaint to include a claim for illegal seizure of the chickens in violation of the Fourth Amendment); doc. no. 1-1 at 6 (claiming, among other damages, $5,000 for loss of each chicken). Because the claim was brought under § 1983, New Hampshire's three-year statute of limitations for personal injury actions applies. Fincher, 26 F.4th at 485-86; Kane, 2023 WL 5281533, at *4.

---

[2] RSA 508:4, I, states as follows:
> Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

## CONCLUSION

The Town's motion to dismiss (doc. no. 8) McCormick's claim for violation of the Fourth Amendment in relation to the seizure of her chickens is granted.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 22, 2023

cc: Counsel of Record