UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Kimberly McCormick</u>

    v.                                    Civil No. 22-cv-87-LM-AJ

<u>Town of Wakefield</u>
<u>Estate of Brenda Beckwith</u>


**<u>REPORT AND RECOMMENDATION</u>**

    Plaintiff Kimberly McCormick has sued the estate of her late mother, Brenda T. Beckwith, and the Town of Wakefield, New Hampshire ("the Town"). Ms. McCormick claims that the Town violated New Hampshire law by failing to send her notice of a property tax deficiency that eventually led to the Town executing a foreclosure deed against the property. She also claims the Town violated her Fourth Amendment rights when it unlawfully seized personal property and injured her while doing so. The Town has filed a motion for judgment on the pleadings. (Doc. No. 24). <u>See</u> Fed. R. Civ. P. 12(c). Pursuant to LR 72.1, the motion has been referred to the undersigned Magistrate Judge for a report and recommendation. For the reasons that follow, the district judge should grant the defendant's motion.

**<u>Standard of Review</u>**

    The standard of review for a motion for judgment on the pleadings filed under Rule 12(c) is the same as the standard for

a Rule 12(b)(6) motion: the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (motion to dismiss standard); see Doe v. Brown Univ., 896 F.3d 127, 130 (1st Cir. 2018) (motion for judgment on the pleadings standard). The Court "take[s] the well-pleaded facts and the reasonable inferences therefrom in the light most favorable to the nonmovant." Doe, 896 F.3d at 130 (quoting Kando v. R.I. State Bd. Of Elections, 880 F.3d 53, 58 (1st Cir. 2018)).  Finally, as in the case of a motion under Rule 12(b)(6), the court is permitted to take judicial notice of public records and consider documents referred to in the complaint or integral to the plaintiff's claims. See Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). When such documents contradict an allegation in the complaint, the document "trumps the allegation[ ]." O'Brien v. Wilmington Tr. Nat'l Ass'n, 506 F. Supp. 3d 82, 90 (D. Mass. 2019) (citation omitted). This includes "documents from prior state court adjudications." Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir.2008) (quotation marks omitted).[1]

---

[1] Although Ms. McCormick commenced this litigation pro se, she has since retained counsel, who filed an objection to the instant motion on her behalf (Doc. No. 25).  The objection, however, does not respond to the substance of the Town's legal arguments. Instead, the objection is based solely on the argument that the Town's reference to, and inclusion of, state-

**Factual Background**

The remaining claims in this lawsuit[2] arise from distinct factual circumstances. The court, therefore, describes them separately.

A. Tax and Foreclosure

Ms. McCormick asserts that the Town failed to properly notify her and Ms. Beckwith, the co-owner of the property at issue, of real estate tax arrearages. Subsequently, Ms. McCormick alleges, the Town improperly noticed and executed a foreclosure deed for the unpaid taxes. Compl. (Doc. No. 1) at 4.[3]

B. Seizure of Property

Next, Ms. McCormick alleges that in June 2019, in connection with a domestic violence case and related restraining order, Town police officers searched her home. Compl. (Doc. No.

---

court decisions in support its motion is improper. This argument is misplaced. See Giragosian, 547 F.3d at 66 ("Matters of public record [that a court can consider in deciding a Rule 12(b)(6) motion] ordinarily include documents from prior state court adjudications.") (cleaned up).

[2] The court previously dismissed a claim against the Town pursuant to Rule 12(b)(6) (Doc. No. 23).

[3] In her claim against Ms. Beckwith, which is not at issue in this motion, Ms. McCormick alleges that Ms. Beckwith failed to pay taxes on the subject property even though Ms. McCormick had provided money to Ms. Beckwith to make the payments.

1). The officers seized BB guns, ammunition, an axe, and a pocket knife from her. Ms. McCormick claims that she was injured by the officers during the seizure and that she was unlawfully arrested in connection with the search. Id. A state-court judge ordered the return of her personal property in February 2020. See Compl. Add. (Doc. No. 1-1) at 20-23.

## Legal Analysis

The Town asserts separate bases for dismissal of Ms. McCormick's two claims. First, the Town argues that Ms. McCormick's tax-related claim is precluded by the doctrine of res judicata. Second, the Town argues that Ms. McCormick has failed to allege facts sufficient to support a claim of municipal liability for the allegedly improper property seizure. The court addresses the arguments in turn.

A.  Tax Claim (Res Judicata)

"Under federal law, a state court judgment receives the same preclusive effect as it would receive under the law of the state in which it was rendered." Dillon v. Select Portfolio Servicing, 630 F.3d 75, 80 (1st Cir. 2011). New Hampshire law provides that:

> Res judicata precludes the litigation in a later case of matters actually decided, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action. For the doctrine to apply, three elements must be met: (1) the parties must be the same or in privity with one another; (2) the same cause of action must be before

>  the court in both instances; and (3) a final judgment
> on the merits must have been rendered in the first
> action.

Brooks v. Trs. of Dartmouth Coll., 161 N.H. 685, 690 (2011). The defendant bears the burden of demonstrating that res judicata applies. Dillon, 630 F.3d at 80.

It is virtually beyond dispute that Ms. McCormick's claims related to the foreclosure have already been litigated in state court and are barred by the doctrine of res judicata. "In order for res judicata to apply to a finding or ruling, there must be 'a final judgment by a court of competent jurisdiction [that] is conclusive upon the parties in a subsequent litigation involving the same cause of action.'" In re Donovan, 137 N.H. 78, 81 (1993) (quoting Marston v. United States Fidelity & Guar. Co., 135 N.H. 706, 710 (1992)). "The term 'cause of action' means the right to recover, regardless of the theory of recovery." Eastern Marine Constr. Corp. v. First Southern Leasing, 129 N.H. 270, 274 (1987) (citations omitted).

All of the elements of res judicata are satisfied with respect to the foreclosure. First, Ms. McCormick previously filed a lawsuit against the Town in the New Hampshire Superior Court on November 16, 2016. See Def. Mem., Exh. A (Doc. No. 24-2). Next, the state court action and the current lawsuit contest the same issue --foreclosure of the same property.  Compare Compl. (Doc. No. 1) at 4 (alleging that "[t]he Town . . . did

5

not notify all owners of the property of late taxes" and auctioned off more property than it was entitled to) with Superior Court Order (Doc. No. 24-2) (describing causes of action as improper notification of arrearages and execution of tax deed and noting claim for lost acreage had been brought and abandoned). Finally, the state court action was resolved on the merits in the Town's favor after a bench trial in Superior Court and dismissal of Ms. McCormick's appeal by the New Hampshire Supreme Court. See Def. Mot., Ex. A (Doc. No. 24-2) at 1.

Accordingly, Ms. McCormick's claim relating to the foreclosure of the Wakefield property are barred by res judicata and should be dismissed.[4]

B. Fourth Amendment Claim

Ms. McCormick's property seizure claim alleges that her Fourth Amendment rights were violated. The Fourth Amendment provides that, in relevant part, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against

---

[4] The fact that Ms. McCormick abandoned the "lost acreage" claim prior to judgment in the Superior Court does not preclude application of res judicata to that claim in this court, as the doctrine also applies to claims that "could have been brought" in the earlier proceeding. See Bel-Air Nursing & Rehab Ctr., Inc. v. Town of Goffstown, New Hampshire, No. 16-CV-259-JL, 2018 WL 264091, at *6 (D.N.H. Jan. 2, 2018) ("res judicata bars claims that could have been raised in the earlier proceeding, including [a] federal constitutional claim.") (emphasis in original) (citing Brooks, 161 N.H. at 690)).

unreasonable searched and seizures shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV.  Pursuant to 42 U.S.C. § 1983, a plaintiff may bring a claim alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."

Ms. McCormick seeks to hold the Town liable for alleged Fourth Amendment violations related to the seizure of her personal property.  Though municipalities can be held liable under section 1983, they may be held legally responsible only for "their own illegal acts" and may not be held vicariously liable for their employees' purported misconduct. Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986) (citing Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978)).

Under Monell, a municipality may only be held liable for the allegedly unconstitutional acts of an employee when the denial of the plaintiff's constitutional rights occurred as a result of "the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy . . . ." Id. at 694-95.  As the First Circuit Court of Appeals has observed, "[h]olding the city liable only if the injury results from an officially sanctioned policy or custom, exempts the municipality

7

from responsibility for the aberrant and unpredictable behavior of its employees while making it liable for acts and conduct rightly attributable to the city." Bordanaro v. McLeod, 871 F.2d 1151, 1155 (1st Cir. 1989) (citations omitted). Ultimately, to state an actionable claim against a municipality under section 1983, a plaintiff must establish a "direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989). See, e.g., B.A. v. Manchester Sch. Dist. SAU 37, No. 15-CV-433-JD, 2017 WL 3049424, at *7 (D.N.H. July 18, 2017) (facts alleged support claim against School District for failure to train a staff member accused of mistreating students).

Here, Ms. McCormick's filings contain no facts to support a claim that the Town's official municipal policy or custom caused her alleged Fourth Amendment injuries when officers allegedly conducted an unlawful search and seizure, and injured her in the course of an arrest, as Monell requires. Accordingly, the Fourth Amendment claim against the Town should be dismissed.

## Conclusion

Based on the foregoing, the Town's motion for judgment on the pleadings (Doc. No. 24) should be granted. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).

The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                              _____
                                              Andrea K. Johnstone
                                              United States Magistrate Judge

January 22, 2024

cc: Counsel of Record.