**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Kimberly McCormick</u>

    v.                                                    Civil No. 22-cv-087-LM-AJ

<u>Town of Wakefield</u>
<u>Estate of Brenda Beckwith</u>

**<u>REPORT AND RECOMMENDATION</u>**

    Plaintiff Kimberly McCormick sued the estate of her late mother, Brenda T. Beckwith, and the Town of Wakefield, New Hampshire ("the Town"). The Beckwith Estate ("the Estate") is the only remaining defendant.[1] Ms. McCormick has asserted a claim against the Estate for unjust enrichment, claiming that Ms. Beckwith: 1) failed to pay property taxes on property they co-owned in Wakefield, despite the fact that Ms. McCormick gave her money to make the payments; and 2) stole money from a joint bank account. The Estate has moved for summary judgment (Doc. No. 35). Pursuant to 28 U.S.C. § 636(B)(1)(A) and LR 72.1, the motion has been referred to the undersigned Magistrate Judge for a report and recommendation. For the reasons that follow, the district judge should grant the defendant's motion because this

---

[1] The court previously granted motions that resulted in dismissal of claims against the Town of Wakefield. <u>See</u> September 22, 2023 Order (Doc. No. 23); January 22, 2024 Report and Recommendation (Doc. No. 28); May 9, 2024 Order (Doc. No. 34).

suit was filed after the expiration of the applicable statute of limitations.

### Standard of Review

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if "the evidence about the fact is such that a reasonable jury could resolve the point in favor of the" nonmovant. Rodríguez-Cardi v. MMM Holdings, Inc., 936 F.3d 40, 47 (1st Cir. 2019) (quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)). A fact is material if it has the "potential to influence the outcome of the suit under the applicable law." Id. at 46 (quoting Cherkaoui v. City of Quincy, 877 F.3d 14, 23 (1st Cir. 2017)). All facts and reasonable inferences are viewed in the light most favorable to the nonmovant. Kelley v. Corr. Med. Servs., Inc., 707 F.3d 108, 115 (1st Cir. 2013).

### Factual Background[2]

Ms. McCormick began giving money to Ms. Beckwith towards the Wakefield property taxes from 1989 until 2017. Pltf. Interr. Ans., Def. Mem., Exh. A. (Doc. No. 35-2) at 6, 11. On or around

---

[2] Although Ms. McCormick commenced this litigation pro se, she has since retained counsel. As no objection to the Estate's motion was filed, the properly supported facts in the Estate's memorandum of law are deemed admitted. LR 56.1(b).

January 2017, Ms. Beckwith apologized to Ms. McCormick and "confided in her that the money Kimberly McCormick had been depositing into the bank for the purpose of paying the property tax had been erroneously spent and that [Ms. Beckwith] needed help obtaining an attorney to get the property back. Id. at 9.

Ms. McCormick and Ms. Beckwith four joint bank accounts, three with Enterprise Bank and another with Profile Bank. Id. at 12. Ms. Beckwith "cleaned out" or otherwise withdrew Ms. McCormick's money from the Enterprise Bank accounts on February 21, 2018 and from Profile Bank on May 24, 1994. Id. at 11.

### Legal Analysis

"Unjust enrichment is an equitable remedy that is available when an individual receives a benefit which would be unconscionable to retain." Axenics, Inc. v. Turner Const. Co., 62 A.3d 754, 764 (N.H. 2013) (internal quotes omitted). A plaintiff seeking "restitution must establish not only unjust enrichment, but that the person sought to be charged had wrongfully secured a benefit or passively received one . . ." Gen. Insulation Co. v. Eckman Const., 159 N.H. 601, 611, 992 A.2d 613, 621 (2010).

The Estate asserts that Ms. McCormick filed this lawsuit after the expiration of the applicable statute of limitations and, even if the suit is timely, it is barred by the doctrine of res judicata because Ms. McCormick could have raised her claims

in a prior state court lawsuit that she and Ms. Beckwith brought against the Town of Wakefield.  As this suit is clearly time-barred, the court does not address the impact of the prior litigation.

In New Hampshire, "all personal actions," with some exceptions not relevant here, "may be brought only within 3 years of the act or omission complained of . . . ." N.H. Rev. Stat. Ann. § 508:4, I. Its discovery rule provides that,

> when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

Id.  The three-year limitations period applies to claims of unjust enrichment. Singer Asset Fin. Co., LC v. Wyner, 937 A.2d 303 312 (N.H. 2007).

Here, it is undisputed that Ms. Beckwith, who had been giving money to Ms. Beckwith to pay the property taxes since 1989, had notice of unpaid property taxes and a pending lien and tax deed as early as September 2016. See N.H. Super. Ct. Order, (Doc. No. 24-2). In addition, she was told by Ms. Beckwith in January 2017 that the funds she had deposited into those bank accounts were "erroneously spent," and not used to pay property taxes and she was also aware that Ms. Beckwith had withdrawn all

4

the money from the Enterprise Bank accounts by February 21, 2018, and Pltf. Interr. Ans., Def. Mem., Exh. A. (Doc. No. 35-2) at 9, 12. Finally, Ms. McCormick alleges that Profile Bank account was "cleaned out" in 1994. Id. at 12.

In light of the undisputed factual record, Ms. McCormick's unjust enrichment claims accrued no later than February 21, 2018, the latest date that Ms. McCormick leaned of Ms. Beckwith's actions. As she commenced this action more than four years later, on March 8, 2022, her claim against the Estate is time-barred and the Estate is entitled to summary judgment.

## Conclusion

Based on the foregoing, the district judge should grant the Estate's motion for summary judgment (Doc. No. 35) and order this case closed.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.  Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order.  See

Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


_____
Andrea K. Johnstone
United States Magistrate Judge


August 28, 2024

cc: Counsel of Record.